FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 AUG -2  AM 9: 50

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BERNARD JONES** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION "** 07 - 3930 |
| | * | |
| **SEWERAGE AND WATER BOARD** | * | **MAGISTRATE "** |
| **OF NEW ORLEANS** | * | SECT. C MAG. 1 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

### COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Bernard Jones, ("Mr. Jones"), with this Complaint against Sewerage and Water Board of New Orleans, ("SWB"), stating that the following causes of action are based upon the defendant's violations of Federal Law, via Title VII of the Civil Rights Act, as amended; violations of the Louisiana Employment Discrimination Law; and La. R.S. 51:2256, *et. seq.*, as follows:

### I. PARTIES

1.

Plaintiff, Mr. Jones, is a person of the full age of majority and is domiciled in New Orleans, Louisiana.

2.

Defendant, SWB, is, upon information and belief, a governmentally authorized entity

_Fee_ 350
_Process_ ᗪᗰ(1)SmS
X_ Dktd _____
___ CtRmDep._____
___ Doc. No _____

authorized to do and doing business within the confines of the Eastern District of Louisiana.

## II.  JURISDICTION AND VENUE

3.

Mr. Jones asserts that jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, as he has obtained his "Right to Sue" from the Equal Employment Opportunity Commission for his allegations of violations of Title VII of the Civil Rights Act; and also violations of the Louisiana Employment Discrimination Statute pursuant to this Court's Supplemental Jurisdiction.

4.

Venue is proper in this district under 28 U.S.C. § 1391 (a) and 42 U.S.C. § 2000(e)-5(f) as the Eastern District of Louisiana is the judicial district in the State in which the unlawful employment practice took place and/or is the district in which Mr. Jones would have worked but for the unlawful employment practice.

## III.  FACTS AND ALLEGATIONS

5.

Mr. Jones began his career with SWB as a Technical Administrator in the Engineering Department on May 13, 2004.

6.

Mr. Jones is African-American.

7.

Mr. Jones was terminated effective February 25, 2005 due to race discrimination and/or retaliation because of his complaints about race discrimination.  Mr. Jones was hired by the SWB Human Resources Department.

8.

Mr. Jones' immediate supervisor was Hon Nguyen ("Mr. Nguyen").

9.

In approximately September of 2004, William Keck ("Mr. Keck") who is Caucasian, was appointed a Provisional Chief of Networks for the SWB.

10.

In early November of 2004, Mr. Keck refused to allow Mr. Jones to move from his initial probational status to permanent status.

11.

At that time, Mr. Keck proposed another six (6) month probationary period for Mr. Jones.

12.

Mr. Keck alleges this was justified because of Mr. Jones' purported "lack of experience."

13.

Mr. Jones felt that Mr. Keck was making this move due to race discrimination.

14.

Mr. Jones felt that Mr. Keck was racially discriminatory and his justification for seeking to extend Mr. Jones' probation was unfair and/or untrue. Mr. Jones also heard Mr. Keck make racially discriminatory statements, including that "SWB is not a welfare organization." Mr. Jones was also aware that Mr. Keck told an African-American secretary "is there a place I can go to lunch around here without being shot?" in reference to the mostly black neighborhood around the SWB offices.

15.

Mr. Jones filed an internal SWB EEO grievance on or about November 15, 2004 alleging that his work had been properly completed in a timely manner and that Mr. Keck's reasons for not allowing Mr. Jones to become a permanent employee were racially discriminatory.

16.

Plaintiff alleges that SWB utilizes a progressive discipline policy and evaluation policy which includes: (1) verbal warnings to identify problems; (2) written warnings, including a formal meeting with the employee, to establish clear performance expectations to correct any problems; (3) an opportunity for the employee to present his or his case; and (4) termination, if the problems remain unresolved after the above steps.

17.

Plaintiff alleges that he was never disciplined for deficient performance or misconduct.

-4-

18.

Plaintiff alleges that Mr. Keck submitted a statement in connection with his race discrimination grievance to the SWB grievance committee on December 16, 2004.

19.

Mr. Jones alleges that, in that statement, Mr. Keck made numerous statements that were either completely untrue, grossly unfair or a complete misrepresentation of any asserted facts.

20.

On December 17, 2004, the SWB EEO Grievance Manager, Bobby Nathan ("Mr. Nathan") recommended that Mr. Jones be granted permanent status as a Technical Administrator (that his probation not be extended as requested by Mr. Keck).

21.

In spite of this, Mr. Keck continued to take action, intended at this point to be retaliatory because Mr. Jones had complained that Mr. Keck was racially motivated in refusing to allow him to become permanent.

22.

Upon information and belief, Mr. Keck gave false and/or misleading information to G. Joseph Sullivan, the SWB General Superintendent, that Mr. Jones was resistant to performing work in the SWB networks division.

23.

Mr. Jones alleges that these allegations were known by Mr. Keck to be untrue and

were unfairly represented to Mr. Sullivan.

24.

Mr. Jones alleges that Mr. Keck's unfair and/or untrue assertions concerning Mr. Jones were motivated by race discrimination and/or retaliation because of his prior race discrimination grievance in November of 2004.

25.

Accordingly, on February 14, 2005, Mr. Sullivan issued a letter to Tom Butschner ("Mr. Butschner") of the SWB to request termination of Mr. Jones because he had been allegedly "resisting to perform work in the networks division."

26.

Accordingly, on February 14, 2005, Marsha A. St. Martin ("Ms. St. Martin") the Interim Executive Director at the time at SWB sent Mr. Jones a letter stating that he was terminated.

27.

Plaintiff alleges that, upon information and belief, neither Mr. Sullivan nor Ms. St. Martin conducted an independent investigation into the allegations by Mr. Keck about Plaintiff's performance and conduct.

28.

Plaintiff alleges that Mr. Keck possessed leverage and/or exerted influence over any consideration of Plaintiff's performance and conduct undertaken by Mr. Sullivan or Ms. St. Martin.

29.

Plaintiff alleges that on August 3, 2006, the EEOC did issue a determination confirming that it had found that Mr. Jones was discharged in retaliation for participating in protected activity under Title VII of the Civil Rights Act of 1964 as amended based on his race, African American.

30.

At all material times, SWB is liable for the conduct of its employees, agents and/or supervisors as described herein under the *Doctrine of Respondiat Superior.*

## COUNT ONE

31.

Defendant's conduct as described herein is in violation of Title VII of the Civil Rights Act of 1964, as amended, which prohibits race discrimination and retaliation due to complaints concerning prohibited discrimination such as race and, as such, defendant is liable unto plaintiff for:

A. Back-pay (including benefits);

B. Front-pay (including benefits as reinstatement is impractical);

C. Mental anguish and depression;

D. Humiliation/embarrassment;

E. Loss of enjoyment of life;

F. Medical expenses;

G. Prejudgment interest;

H.      Attorney's fees;

I.      Costs of these proceedings; and

J.      Any injunctive relief enjoining defendants from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of federal law.

## **COUNT TWO**

32.

Due to the above and foregoing allegations, SWB is also liable unto Mr. Jones pursuant to La R.S. 2256 *et seq.* and the Louisiana Employment Discrimination Act which prohibits retaliation due to complaints about prohibited discrimination under Louisiana law and which prohibits race discrimination, and as such, defendant is liable unto Mr. Jones for:

A.      Back-pay including benefits;

B.      Front-pay including benefits;

C.      Mental anguish;

D.      Humiliation/embarrassment;

E.      Loss of enjoyment of life;

F.      Medical expenses;

G.      Prejudgment interest;

H.      Attorney's fees;

I.      Costs of these proceedings; and

J.      Injunctive relief enjoining defendant from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana Law and Federal law.

33.

Plaintiff reserves his right to supplement and amend this Complaint upon the discovery of additional facts.

## IV. JURY DEMAND

34.

Plaintiff demands trial by jury.

WHEREFORE, plaintiff, Bernard Jones, prays that defendant, Sewerage and Water Board of New Orleans, be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your plaintiff, and against defendant, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorney's fees, punitive damages and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**JAMES L ARRUEBARRENA, LLC**

James L. Arruebarrena (#22235)
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083

Attorney for Bernard Jones


**SERVICE VIA SUMMONS**

**Sewerage and Water Board of New Orleans**
through its registered agent for service of process

Marsha A. St. Martin
Executive Director
Sewerage and Water Board of New Orleans
625 St. Joseph Street
New Orleans, LA 70165